NEWELL (MASON v.). See Case No. 9,249.

NEWELL (NICHOLS v.). See Case No. 10,-245.

NEWELL (SPEAR v.). See Case No. 13,224.

NEWELL (UNION PAPER-BAG MA-CHINE CO. v.). See Cases Nos. 14,389 and 14,390.

---

## Case No. 10,150.

NEWELL et al. v. WEST et al.

[13 Blatchf. 114; 2 Ban. & A. 113; 8 O. G. 598; 9 O. G. 1110.] [1]

Circuit Court, N. D. New York. Aug. 24, 1875.

PATENTS—ASSIGNMENT—VALIDITY—SPECIFIC PER-FORMANCE OF AGREEMENT TO ASSIGN.

1. R., the patentee and owner of letters patent, agreed with M., shortly before the patent expired, that he would apply for its extension, and assign the extension, if obtained, to M., and M., in consideration, paid to R. $500, and agreed to pay him $1,500 more on receiving such assignment, and also the expenses paid by R. in procuring the extension. R. died without applying for the extension, and left a will appointing his wife his sole executrix, and making her and his daughter the sole beneficiaries. The will was probated in Massachusetts. Afterwards, a corporation, by assignment from M., acquired his rights under said agreement. Thereafter, the widow, as executrix, and acting in the interest of the corporation, applied for and obtained an extension of the patent, the corporation paid her the $1,500, and she executed to it an assignment of the extended term, which assignment was recorded. The assignment was not made under an order of the probate court, and the daughter did not assent to it. In the assignment the widow was described as administratrix, and conveyed her interest as administratrix. After the recording of the assignment, she resigned her trust as executrix, and one I. was appointed administrator with the will annexed, and he, as such, conveyed to the plaintiffs the title on which this suit was brought. Held, that the corporation became the equitable owner of the patent, and the plaintiffs had constructive notice of such equity, by the recording of the assignment from the widow, before they procured the assignment from I., and were not bona fide purchasers; that, as against the plaintiffs, the corporation was entitled to a specific performance of the agreement to assign; and that, therefore, it was not material whether the assignment from the widow was invalid, because made by her as administratrix and not as executrix.

[Cited in Prime v. Brandon Manuf'g Co., Case No. 11,421; New York Paper-Bag Mach. Co. v. Union Paper-Bag Mach. Co., 32 Fed. 786.]

2. The assignment from the widow was valid, although made by her as administratrix.

---

[1] [Reported by Hon. Samuel Blatchford. District Judge, reprinted in 2 Ban. & A. 113, and here republished by permission.]

3. The sale was not invalid because made without an order of the probate court, although there was a statute of Massachusetts providing that, on application, the probate court might order a sale of personal estate, inasmuch as there was no provision precluding a sale without such order.

4. It was not necessary the daughter should have joined in the assignment, or assented to it.

[This was a suit by George L. Newell and others against George West and others in equity for an account and injunction to restrain the infringement of reissue of letters patent No. 17,184, originally granted to Benjamin F. Rice, April 28, 1857, for an "improvement in machines for making paper bags."]

Marcus P. Norton, for plaintiffs.

Horace Binney, for defendants.

WALLACE, District Judge. The complainants having filed their bill for a perpetual injunction, and for an accounting, alleging the infringement by the defendants of extended letters patent, in which the complainants own the exclusive right for the state of New York, the defendants plead thereto, that the Union Paper Bag Machine Company is the owner of the patent, in exclusion of the complainants. The complainants having taken issue by replication to the plea, the cause now comes on to be heard upon the pleadings and proofs.

The material facts, extricated from the mass of documentary and oral evidence contained in the proofs, a large portion of which seems utterly unimportant, are few and simple. The complainants claim title by an assignment from Ingalls, as administrator with the will annexed of Benjamin F. Rice, deceased, and the Union Paper Bag Machine Company claim by an assignment, prior in point of time, made by Roxanna Rice, while acting as executrix of the estate of Benjamin F. Rice. Benjamin F. Rice was the inventor of the improvement for which the patent was obtained. Shortly before the term of the patent expired, he entered into a written contract with one Morgan, who was a part owner of the patent, whereby Rice agreed to make application for an extension of the patent, and use all honorable means in his power to obtain it, and, when obtained, to set the same over to Morgan, and to execute an assignment thereof at any time, upon demand. Morgan, in consideration of the agreement on the part of Rice, paid Rice $500, and agreed to pay him $1,-500 more upon the delivery of the assignment, and such sum in addition as Rice might expend in procuring the extension. Rice died without applying for the extension, the original term not having expired. He left a will, in which his wife Roxanna and his daughter were made the sole beneficiaries, and by which he appointed his wife sole executrix. Subsequently, the Union Paper Bag Machine Company became the benefi-

·cial party in interest in the agreement, in the place of Morgan, the latter having as-·signed his rights. Thereafter, Mrs. Rice, as the executrix of the inventor, and acting in the interests of the Union Paper Bag Ma-·chine Company, applied for and obtained the extension of the patent, and thereupon the latter paid her the $1,500 which Morgan had agreed to pay her husband, and she ·executed to the company an assignment of the extended letters patent. This assignment was duly recorded. It recited the ob-·taining of the original patent by Benjamin F. Rice, his death, the extension of the pat-·ent, and her appointment as his adminis-tratrix, and purported to convey her inter-est as administratrix in the patent as ex-·tended. After this assignment was recorded, she resigned her trust as executrix, and In-galls was appointed administrator of the ·estate with the will annexed, and he, as such administrator, conveyed to the com-plainants the title upon which they now rely.

It is insisted, on behalf of the complain-·ants, that the assignment to the Union Pa·per Bag Machine Company by Mrs. Rice, ·as administratrix, when she was in fact executrix of her husband's estate, did not pass ·her title as executrix. It is also insist-ed, that, if it would have passed such title, it was not valid, because her daughter, as a ·legatee under the will, did not assent to the transfer, and because the sale was not made upon the order of the probate court. If it ·should be conceded that the assignment to the Union Paper Bag Machine Company was wholly invalid, it does not follow that ·the complainants acquired any title by the ·assignment to them. They cannot be heard to set up their assignment against the Union Paper Bag Machine Company, because the latter was equitably entitled to a convey-·ance of the title, and the complainants had notice of such equity when they procured ·an assignment to themselves. If Rice had lived and obtained the extended letters pat-·ent, Morgan, upon tendering performance of the conditions in the agreement on his part, could have enforced specific perform-·ance of Rice's covenant to convey. The in-·choate right of an inventor to an extension of his patent may be the subject of a con-tract of sale. Clum v. Brewer [Case No. ·2,909]. And a contract to convey such a right will be enforced by a bill for specific ·performance. Nesmith v. Calvert [Id. 10,-123]. Where an invention is assigned be-fore it is patented, the assignor is estopped, ¬upon obtaining the patent, from setting up ·any adverse title. Herbert v. Adams [Id. ·6,394]. And the doctrine applies with equal force where he has agreed to assign, be-·cause, in such case, the purchaser, upon tender of the purchase price, becomes the equitable owner of the patent. Hartshorn v. Day. 19 How. [60 U. S.] 211. If Morgan ·could have required specific performance by .Rice, the Union Paper Bag Machine Com-

·pany, as the party in interest in the place of Morgan, could have required it of Mrs. Rice, as executrix. The patent, when ob-tained by her, devolved upon her, as the legal representative of the inventor, "on the same terms and conditions as the same might have been claimed or enjoyed by him in his lifetime." Act July 8, 1870, § 34 (16 Stat., 202). The obvious intent of the law is, to vest in the legal representatives of a pat-entee, upon his death, the same rights he would have enjoyed if he had lived. The executrix had no higher rights than Rice would have had; and, when she received the $1,500 which was to be paid upon· the transfer of the extended letters patent, the Union Paper Bag Machine Company became the owner, in equity, of the patent. Its rights are the same as though that had been done which ought to have been done; and no one, except a bona fide purchaser, can now assert the contrary, in a court of equity.

The recorded assignment was constructive notice to the complainants of the rights of the Union Paper Bag Machine Company. It was notice that the latter claimed to be the assignee of the patent which had be-longed to the estate of the testator. It suf-ficed to direct the attention of a purchaser to ·the claim of an adverse title in the pat-ent, and to enable the purchaser, by inquiry, to ascertain the extent of the right. Inquiry, at proper sources, would have revealed that Mrs. Rice,· though not the administratrix, was the legal representative of her hus-band's estate when she ·executed the in-strument, and that the consideration was' re-·ceived· by her in her representative capacity, thus indicating the right of the Union Paper Bag Machine Company to a reformation of the instrument by correcting the mistaken description of her representative character.

If these views are correct, it is immaterial whether the assignment made by Mrs. Rice to the Union Paper Bag Machine Company was valid to convey the title or not; but, in my judgment, it was valid to convey the title. It has been held, that an advertise-ment by an executor styling himself an ad-ministrator, is a legal advertisement of him-self as executor, sufficient to permit him ·to set up the running of the statute of limita-tions (Finney v. Barnes, 97 Mass. 401); and ·an averment of one as an administrator, who is in fact an executor, does not con-stitute a variance in a pleading (Sheldon v. Smith, Id. 34). The instrument in ques-tion clearly indicates the intent of the as-signor to convey as the legal representative of a person deceased. It recites the de-cease of the inventor, and that the patent was extended, and that she "was duly ap-pointed his administratrix." The only effect which can be given to it is that of a trans-fer in her representative character; and, in view of the authorities which hold that, as descriptive terms, the words are practically synonymous, I have no hesitation in giving.

force to the instrument as a transfer of her title as executrix.

The objection that she had no right to dispose of the estate of her husband without the order of the probate court, is based on a section of the General Statutes of Massachusetts, which enacts, that, on the application of an administrator, or executor, or of any person interested in the estate, the probate court may order any part or all of the personal estate to be sold at public auction or at private sale, and, in that event, the executor or administrator shall account therefor at the price for which it sells. No authority is cited to sustain the position that this section precludes a sale without such order; and, in the absence of a statutory limitation, it is to be assumed that executors in Massachusetts possess the same power that they do at common law. The reasonable construction is, that the section in question was intended for the protection of executors, and to afford the aid of the probate court to them and to others interested in the estate, when particular circumstances may require it.

· I do not understand that it is claimed that the daughter should have joined in the instrument in order to render the assignment valid at law. If the theory is that she was a cestui que trust. whose equitable rights have been disregarded, the sufficient answer is. that she had none except in the proper application of the money paid, because the Union Paper Bag Machine Company were the equitable owners of the patent.

For these reasons I am of opinion that the defendants must prevail upon their plea. A decree is ordered dismissing the bill, with costs.

[For other cases involving this patent, see Union Paper Bag Mach. Co. v. Nixon, Cases Nos. 14,386, 14,391, and 105 U. S. 766.]