## HARRIS & SCHAFER, Inc., v. CURTISS AEROCAR CO., Inc.*

No. 7212.

Circuit Court of Appeals, Fifth Circuit.

March 8, 1934.

*Rehearing denied April 12, 1934.

D. H. Redfearn, of Miami, Fla., for appellant.

Marshall C. Wiseheart, Jr., and Malcolm B. Wiseheart, both of Miami, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

Curtiss Aerocar Company by its bill sought an account of profits from and an injunction against infringement by Harris & Schafer, Inc., of two patents, Nos. 85816 and 85815, covering designs for a trailer vehicle and a tow car and trailer combination. An injunction was decreed, but no profits or damages. Harris & Schafer, Inc., appeals, contending mainly that complainant had no title to the patents, that the designs were not patentable, and that no infringement was shown.

The inventor, Glen H. Curtiss, died in July, 1930, and on January 8, 1931, "Lena P. Curtiss, Executrix for the Estate of Glen H. Curtiss, deceased," applied for patents, recording in the Patent Office her letters testamentary issued by the probate court in Florida. The letters patent, reciting that they were applied for by "Lena P. Curtiss, Executrix of Glen H. Curtiss, deceased, late of Country Club Estates, Florida," are granted to "Lena P. Curtiss as Executrix, her successors or assigns." Her assignments of

them to Curtiss Aerocar Company recite that she was the wife of Curtiss and is his executrix, and by remarriage is now Mrs. Wheeler, and that valuable considerations were paid for the assignments, and they are signed "Lena P. Curtiss Wheeler, Executrix of the Estate of Glen H. Curtiss, deceased." The statute under which the letters issued is 35 USCA § 46, so far as here material identical with Rev. St. § 4896, providing that on death of an inventor before obtaining a patent the right shall "devolve on his executor or administrator, in trust for the heirs at law of the deceased, in case he shall have died intestate; or if he shall have left a will disposing of the same, then in trust for his devisees." It is argued that the letters patent were granted to Mrs. Curtiss as executrix and that she has assigned them individually, the words following her name with "as" omitted being mere descriptio personæ. The assignments recite that she owned the letters "as said executrix," and that she "does as executrix hereby sell, assign and transfer." There cannot be any doubt that she was assigning in her trust capacity and not because of any individual interest. Equity is not concerned with refinements of representative description. Gratz's Executors v. Cohen, 11 How. at page 20, 13 L. Ed. 579. It is next argued that in her trust capacity she could not assign without court authority. It will be noted that this is not a case in which a patent already granted to an inventor comes to his executor as assets of the estate under the law of the deceased's domicile. It may be that in such a case it stands as other personal property, to be administered under that law. Walker on Patents, § 339; Shaw Relief Valve Co. v. New Bedford (C. C.) 19 F. 753; Bradley v. Dull (C. C.) 19 F. 913; May v. Logan County (C. C.) 30 F. 250. Here the inventor had not even applied for a patent at his death, and the grant is direct to the executrix under the act of Congress. The patent is vested in the executor or administrator as an express trust created by the federal statute for the heir at law or devisee. This trust need not be set out in the letters patent. Stimpson v. Rogers, 23 Fed. Cas. page 105, No. 13457. The law and the facts imply it when not expressed. Where there is no power of sale in a trust instrument and no law forbidding a sale, the trustee who holds the legal title may ordinarily convey it, and if the assignee be a bona fide purchaser for value without notice he takes free of the trust, and if he have notice he still takes title but subject to the trust, that is, with the same accountability to the beneficiaries as the original trustee was under. 65 C. J., Trusts, § 647. This principle applied here would enable the assignee to sue just as the executrix could have done before assignment, being accountable to the beneficiaries of the trust for the results of the suit. The defendant could not object to being thus sued, its utmost right being to have the beneficiaries join in the suit. But we understand that the federal laws which create the trust in this executrix vest in her the power to assign, the trust being then transferred to the proceeds. 35 USCA § 47, formerly Rev. St. § 4898, provides: "Every patent or any interest therein shall be assignable in law by an instrument in writing, and the patentee or his assigns or legal representatives may in like manner grant and convey an exclusive right under his patent to the whole or any specified part of the United States." While this executrix was not the inventor, she was the patentee and the only person who could transfer a title to the patent. Moreover, even if the deceased inventor be treated as the patentee, she would certainly stand as his legal representative, and, being expressly authorized to assign a territorial right for the whole United States, the implication is strong that the patent right itself can be assigned by her. The two statutes here concerned were very broadly construed in De La Vergne Refrigerating Machine Co. v. Featherstone, 147 U. S. 209, 13 S. Ct. 283, 37 L. Ed. 138, and a contract to assign made by an executrix de son tort, though not recorded in the patent office, was given effect, she having "a colorable right to administer" and having afterwards become administratrix. Page 228 of 147 U. S., 13 S. Ct. 288. Under varying circumstances, assignments by an administrator or executor who has obtained an original or renewed patent after the death of the inventor have been upheld although court leave was not given and the heir or devisee did not join in the assignment. Newell v. West, 18 Fed. Cas. page 50, No. 10150; Brooks v. Jenkins, 4 Fed. Cas. page 275, No. 1953; Peoria Target Co. v. Cleveland Target Co. (C. C.) 43 F. 922. We are of opinion that the assignments of Mrs. Wheeler carried title to the patents good at least against one who claims no title.

The designing of motorcar trailers is not an old field, and common observation leads us to say there has been much room for improvement in the art. The designs here are for trailers for personal occupancy,

the written descriptions and drawings emphasizing a long, low-hung, car-like body with bulging roof, the rear supported by wheels and the front tapering to a V-shaped prow, the roof converging downwardly and the underside of the prow curving upwardly· and resting on a pivot attached to the rear of the tow car with a goose-neck appearing connection. The design is graceful and pleasing, and while many of its elements were old in allied designing arts, we cannot say that the conclusion of the Patent Office that there is invention in the combination is shown to be wrong. There is no clear anticipation proven. The trailers made by the defendant differ in some respects, especially in the placing and spacing of the openings and in making the prow lines slightly curved instead of like the straight-sided V. The general appearance is very much the same, and likely to deceive ordinary buyers. The general appearance rather than minute details ᾿constitute the substance of a design patent, and its imitation an infringement. Gorham Mfg. Co. v. White, 14 Wall. 511, 20 L. Ed. 731; Bush & Lane Piano Co. v. Becker (D. C.) 209 F. 233; Walker on Patents, § 53. We think the master and the District Court did not err in upholding the patents and in finding infringement.

Judgment affirmed.