## SANSON HOSIERY MILLS, Inc. et al. v. S. H. KRESS & CO., Inc.

Civ. No. 408.

United States District Court
M. D. North Carolina, Winston
Salem Division.

Sept. 30, 1952.

Henry N. Paul, Jr., Robert B. Frailey and Paul & Paul, Philadelphia, Pa., Frazier & Frazier, Greensboro, N. C., for plaintiffs.

Womble, Carlyle, Martin & Sandridge, Winston Salem, N. C., for defendant.

HAYES, District Judge.

The plaintiffs are the owners of the Bley design Patent No. Des. 151732 issued Nov. 16, 1948, for a term of 14 years. Stock-

ings, Plaintiffs' Exhibits F–4 and H–3, are representative of those made and sold under the patent in suit while Plaintiffs' Exhibit A–1 attached to the complaint is representative of the accused stockings sold by defendant in this district and is manufactured by Sharnay Hosiery Mills, Inc., a Pennsylvania corporation, having its principal place of business in Philadelphia.

The defendant concedes the validity of the Bley Patent in suit. This court determined the validity of this patent and held that it had been infringed in Sanson Hosiery Mills, Inc. v. Glen Raven Knitting Mills, 95 F.Supp. 134, which was affirmed by the Fourth Circuit Court of Appeals in 189 F.2d 845, 847. In the trial of the Glen Raven case, plaintiff offered thirty-eight photographs of stockings, Exhibits G1–G 38, showing substantial copies of Bley's design. Exhibit 30 is a photograph of the Sharnay stocking, the stocking accused in this suit. Speaking of these Exhibits, Judge Soper said:

> "The popularity of the stocking is further attested by the acceptance of licenses by other manufacturers and especially by the numerous efforts of other manufacturers to imitate a copy of the Bley design. Thirty-eight photographs on exhibit show unabashed attempts to copy, and most of them do not display even an attempt to introduce a subtle variation to the design."

This defendant was not a party to the Glen Raven case and is not bound by that decision. The main issue is whether the stocking sold by Kress and manufactured by Sharnay infringes the Bley patent. The physical exhibits clearly demonstrate that the accused stocking embodies the essential concept of the Bley Patent. It is contended by the defendant that the zigs and zags on the border of the frame of the accused stocking are such a departure from Bley as to make it altogether different. In this connection defendant relies on the testimony of some ladies who said they would not be deceived by taking the accused stocking for the Bley design. However, this evidence is not convincing. The similarity of the two is so great that I am convinced the consuming public will be misled. Indeed it seems to me that the similarity here is more pronounced than it was in Gorham Mfg. Company v. White, 14 Wall. 511, 20 L.Ed. 731.

Slight difference in features of a design are inadequate to remove the protection of the patent. Harris & Schafer, Inc., v. Curtiss Aerocar Co., Inc., 5 Cir., 69 F.2d 264; Graver Tank & Manufacturing Co. v. Linde Air Products Co., 339 U.S. 605, 70 S.Ct. 854, 94 L.Ed. 1097. Actual comparison for minute inspection is not a fair test. The imitation may be on display when the patented article is not present. In such a situation, one seeking a stocking with a picture frame border would readily accept the imitation. A counterfeited $20 bill may be fairly easy to detect by one reasonably skilled in handling money if a genuine bill is present for comparison, but it is extremely difficult to detect some of them in the absence of a genuine one for comparison. A design patent protects the general design, the pictured effect on the mind from a general view, rather than details revealed by a minute test. Therefore, testimony of a comparison test is not exclusive nor conclusive. Gorham Company v. White, supra; Ashley v. Weeks-Numan Co., 2 Cir., 220 F. 899; George Borgfeldt & Co. v. Weiss, 2 Cir., 265 F. 268.

The stockings produced under the Bley patent revolutionized the trade. Since the trend of the market turned to the picture frame design, many similar designs have been licensed under the Bley patent and naturally the one no longer occupies a field to itself. In determining whether the accused stocking is a colorable imitation and an infringement, it is necessary to test it by the date when the design was new. The test is the effect produced in the mind of the purchaser who sees the two articles for the first time and becomes satisfied to the extent of purchasing. Standard Match Corporation v. Bell Mach. Co., 7 Cir., 83 F.2d 365.

Three of the four prior art patents cited by defendant to limit the scope of Bley were also cited in the Glen Raven case. The Moyer patent merely shows a stock-

ing, having a heel, a foot and toe reinforcement area containing a mesh portion. There is nothing in it suggestive of the picture frame effect characteristic of Bley.

The junior design patent to Rabinowitz under which the accused stocking was produced must yield domination to the prior Bley patent. Gorham Company v. White, supra; Sanson Hosiery v. Glen Raven, supra. The accused stocking appropriates the substance of the Bley design and infringes the Bley patent. The slight variations such as zigs and zags on the frame are insufficient to avoid infringement. Matthews v. Allen, 4 Cir., 182 F.2d 824, 826. The accused stocking was held an infringement of Bley patent in Sharnay Hosiery Mills, Inc., v. Sanson Hosiery Mills, Inc., D.C., 109 F.Supp. 956.