### ASHLEY v. SAMUEL C. TATUM CO.

(Circuit Court, S. D. New York. August 12, 1910.)

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—DESIGN FOR INKSTAND.

The Ashley design patent, No. 37,504, for a design for an inkstand, consisting of a low square base surmounted by a low dome of a diameter somewhat less than the side of the base, wholly devoid of ornamentation, discloses a meritorious and novel design, depending entirely upon its simplicity and the proportions of the parts for its artistic merit; also, *held* infringed by the design of the Hilles patent, No. 40,125, which contains every element of the Ashley design, with the addition only of sufficient ornamentation to make a colorable differentiation.

In Equity. Suit by Frank M. Ashley against the Samuel C. Tatum Company. Decree for complainant.

On final hearing of a bill in equity to enjoin the infringement of design patent No. 37,504 and construction patent No. 829,752. Both patents relate to glass inkwells, and the design patent, though best shown in the drawing, may be described in words as a low square base surmounted by a low dome of diameter somewhat less than a side of the base, with an orifice at the top, in which fits a hard rubber inverted cone. The ink is held within the dome and a shallow recess in the base. The well is wholly devoid of any orna-

mentation, and depends for its success upon the association of the dome with the base and upon the proportions. To indicate such proportions, the following dimensions are taken from the drawing attached to the patent: Width of base 2⅜ inches; height, ⅝ of an inch; opening at top of dome 1¼ inches. The total height is therefore one-half of the width of the base.

The defendant's inkwells are also of glass, consist of a low, flat base, surmounted by a similar dome, and have relatively nearly the same proportions as the complainant's. They are devoid of ornamentation except as hereinbefore stated. No point is made of their dissimilarity except that from the base of the dome to a point about one-half way up the glass side of the dome is markedly thickened and moulded into a band of triangular facets, some perpendicular, some inclined, the top of this band forming a kind of narrow horizontal terrace.

The defenses are want of invention and noninfringement.

COMPLAINANT'S INKSTAND.

DEFENDANT'S INKSTAND.

Albert T. Scharps, for complainant.
John W. Loveland, for defendant.

HAND, District Judge (after stating the facts as above). The first question is want of invention. No design had appeared in any way resembling the complainant's before he designed his inkwell. The parties introduced in evidence 30 or 40 inkwells to show the prior art, and neither the combination nor the proportional relation in dimension appears in any one of them. The complainant was the first to conceive of an inkwell with a flat, broad, base surmounted by a low dome. There had been domed inkwells, and square inkwells, and low bases of one material with a low dome fitting into them. There had been forms of the old safety inkwells in which the base was thickened and made square. This was the nearest approach, but it was neither

flat, nor low, and the dome was a drum bent sharply at the top in a reverse curve, nor were the proportions at all alike. Vide complainant's Exhibit No. 30, in which the total height is 2¾ inches and the width 3⅜ inches. Nor did it depend, like the complainant's, strictly upon its proportions, but had a base of irregular horizontal section in an inferior manner, designed apparently at once to reduce the area covered by the base and to give a pleasing appearance.

The complainant has invented a wholly new scheme of element and proportion, resulting in a cheap inkwell of real artistic value which, deliberately or not, follows the excellent canon that beauty depends rather upon perfect adaptation to use and pleasing proportion. It is fitted for its purpose, in that its weight and low height insures it against accident, and keeps it near the table's level. It makes no shallow appeal to the senses by an effort at inconsequent ornament. The complainant has achieved a meritorious and novel design by resort only to the most legitimate artistic means. The prior art presents nothing which, to my eye, in the least suggests it. I have no trouble in finding his patent valid.

The defendant's well is no doubt distinguishable, and that, too, without the aid of an expert. It may be urged that under Gorham v. White, 14 Wall. 511, 20 L. Ed. 731, that distinction is enough to prevent infringement, but such would be, I believe, a misunderstanding of that decision. Friedberger-Aaron Mfg. Co. v. Chapin, 151 Fed. 264. A glance at the silver designs on page 521 of that case shows that, when put side by side, they were readily enough distinguishable by a person who was not an expert. The reason why that was an infringement is that in use they were not put side by side, but that the defendant's design was near enough to copy the essential novelty of the complainant's except to an eye so accustomed to the precise details of each as in memory to carry one into comparison with the other. In short, the fancy of the purchaser, whose attention cannot be supposed to have a photographic accuracy, would, in fact, have been caught by those fundamental elements of charm and novelty in White's silver that Gorham had devised. Scofield v. Browne, 158 Fed. 305, 85 C. C. A. 556 (C. C. A., 3rd Cir.).

So in the case at bar, if I am right in believing that the eye is pleased in the complainant's well by the proportion and combination he has devised, his design depends upon it, since it can depend upon nothing else, there being no ornamental addition. The defendant's well has indeed such an addition, and is, to my eye at any rate, thereby greatly damaged, but it nevertheless contains every element of the complainant's design. Certainly no mere ornamentation would be enough to protect one who had borrowed all the complainant's design. No one would say that a row of raised dots or a countersunk Grecian border around the base of the dome would be enough to avoid infringement. This border is, in fact, no more than either of these, though it does more effect the contour of the dome. It seems to me unreasonable to suppose that any one not attracted to the combination and proportions of the defendant's well would be induced to buy it, because it contained around the dome the band of facets which is the sole difference appreciable to the lay eye. The defendant has taken over bodily every ele-

ment of the complainant's design and he has added just enough, and that too injuriously, to make a colorable claim to differentiation. The analogy is strong between the case and the usual case of trade-mark in which the defendant imitates everything, and then relies upon some irrelevant detail of distinction to justify his exploitation of another man's brains and originality.

The complainant's design appears to me to have been imitated, and I therefore find that the defendant's wells are an infringement. The question of the construction patent after this conclusion becomes academic.

Let the usual interlocutory decree pass.