### ELOESSER-HEYNEMANN CO. v. KUH BROS.

(Circuit Court of Appeals, Ninth Circuit. April 21, 1924.)

No. 4105.

I. Patents ☞252—Test as to whether garment infringement on another.

In determining whether patent on one child's garment infringes patent on another, the test is that if, in the eyes of an ordinary observer, giving such attention as a buyer usually gives, the two designs are substantially the same, the first patent is infringed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Patents ⬦═328—56,450 held not infringed.**
    Design patent No. 56,450, for child's rompers, *held* not infringed.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; George M. Bourquin, Judge.

Suit in equity by the Eloesser-Heynemann Company against Kuh Bros. Decree for defendant, and plaintiff appeals. Affirmed.

Nicholas A. Acker, of San Francisco, Cal., for appellant.

John H. Miller and A. W. Boyken, both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

HUNT, Circuit Judge. This is an appeal from a decree adjudging letters patent No. 56,450 to be invalid; the patent having been issued October 26, 1920, on application filed May 7, 1917, for design invention for child's rompers. The complaint charged infringement, and defendant below challenged the validity of the design letters patent and denied infringement.

The design patent involved, as illustrated, contains no written description; but the drawings show a front and rear view of a garment with a Dutch square neck, short sleeves, simulation of a belt below the armpits, long-legged trousers, peg top on trousers, patch pockets, and high waist line. From the rear view, buttons appear on the belt feature and back of the waist. The waist is an extension of the trouser portion of the rompers. There is some ornamentation along the neck opening and at the ends of the sleeves.

*Fig. 1.*        *Fig. 2.*

The garment (as illustrated) made by the defendant appellee has a round neck, loosely detachable belt at the front, concealed pockets, a

yoke and cuffs, piping at the yoke and cuffs, fullness at the waist, and high waist line.

DEFENDANT'S GARMENT

*Fig. 1.*                                    *Fig. 2.*

[1, 2] Taking up the question of infringement of the design, and following the rule laid down more than 50 years ago in Gorham v. White, 81 U. S. (14 Wall.) 511, 20 L. Ed. 731, and adhered to through innumerable decisions, including ours in Majestic Electric, etc., Co. v. Westinghouse Electric, etc., Co., 276 Fed. 676, and Zidell v. Dexter, 262 Fed. 145, the test is that, if in the eyes of an ordinary observer, giving such attention as a buyer usually gives, the two designs are substantially the same, the first patent is infringed by the later one. As we look at the garments, that made by defendant is at once distinguishable from that disclosed in plaintiff's patent. There is an obvious difference in the neck; plaintiff showing a square neck, while defendant shows a round one. Defendant shows a loosely detachable belt in front, while plaintiff's belt is simulated. Defendant makes its garment with concealed pockets, while plaintiff's garment has patch pockets. Defendant makes a yoke and cuffs, and plaintiff's garment has no yoke nor cuffs. Defendant's rompers have fullness in the waist, not shown in plaintiff's garment. Though it may be an insignificant difference, piping outlines the yoke and cuffs of defendant's garment, while plaintiff's garment is merely finished with piping at the neck and sleeves. The distinctions, though noticeable at once, were testified to by women of special experience in buying and selling children's rompers, one of the women saying that mothers of children regard the rompers with round neck as more appropriate for girls, and those with square neck as more suitable for boys.

297 F.—53

The defense of noninfringement having been so clearly made out, we do not pass upon the validity of the patent, and affirm the decree in favor of defendant solely upon the ground that there was no infringement.

Affirmed.