22 C. C. P. A. (Patents)

## In re SMITH.

### Patent Appeal No. 3486.

Court of Customs and Patent Appeals.
May 27, 1935.

Edmund H. Parry, Jr., of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant presented his application to the United States Patent Office for a patent upon a design for the figure of a naked baby, to be used upon a doll. The tribunals of the Patent Office denied the application, the Board of Appeals doing so on reference to Feuerlicht, D–55,942, of August 3, 1920, and upon the alleged non-patentability of the subject-matter.

Appellant's design consists of the figure of a naked baby standing, holding its nursing bottle in its right hand, and applying a watch to its ear with its left hand. The appearance of the child is that of intense listening to the sound of the watch. The figure of the infant seems to be that of one about one year of age, and, so far as can be detected, is a representation of a normal child of that age, with no unusual features not found in the ordinary child.

The Feuerlicht reference shows the figure of a baby of about the same age, naked, except that it is wearing bootees, but lacking the bottle and watch of the figure of the present application.

In this court, it is argued that the figure of the child is new and pleasing to the eye, that it departs from the ordinary pictorial reproduction of a child, and is so striking and unusual as to be inventive.

We are unable to discern any such unusual features. It is said that a normal child would not retain its grasp upon a bottle and a watch at the same time, and this is thought to denote invention. This suggestion may or may not be correct, according to the mentality of the child, and is not enough, in our opinion, to indicate any abnormality of the pose or appearance of the figure.

In our opinion, what the appellant has done is to take a natural form, in a natural pose, and utilize it as his design. This does not constitute invention. In re Smith, 77 F.(2d) 514, 22 C. C. P. A. (Patents) ——, decided concurrently herewith. "The exercise of the inventive or originative faculty is required, and a person cannot be permitted to select an existing form, and simply put it to a new use, any more than he can be permitted to take a patent for the mere double use of a machine. If, however, the selection and adaptation of an existing form is more than the exercise of the imitative faculty, and the result is in effect a new creation, the design may be patentable." Smith v. Whitman Saddle Co., 148 U. S. 674, 679, 13 S. Ct. 768, 770, 37 L. Ed. 606; Cooper v. Robertson (D. C.) 38 F.(2d) 852, 858; In re Whiting, 48 F.(2d) 912, 18 C. C. P. A. (Patents) 1220.

We do not here hold that a design for a doll may not be inventive. As a matter of fact, there is good authority to the contrary, as in the case of the "Splashme" doll discussed in Geo. Borgfeldt & Co. v. Weiss (C. C. A.) 265 F. 268; Pfeffer et al. v. Western Doll Mfg. Co. et al. (C. C. A.) 283 F. 966, and the "Kewpie" doll alluded to in Wilson et al. v. Haber Bros. (C. C. A.) 275 F. 346.

514

The designs in those cases, however, had unusual, striking features, departing from the ordinary, and which were alluded to in the cited cases, such as the exaggerated headdress, elongated eyelashes, and the spit curls in the "Splashme" doll. Here there are no such abnormal or grotesque features.

The difference between what constitutes invention and a mere imitation of natural forms suggests itself in the gargoyles of architecture and the unicorn and dragons of English and French heraldry. These abnormal forms might well constitute invention and be the subject of design patents, while mere imitation of reproductions of a normal horse or serpent or human face might not. It is the departure from the normal and usual which, in such cases, might constitute invention.

The decision of the Board of Appeals is affirmed.

Affirmed.