**GOLO SLIPPER CO., Inc., v. GLASS & FITZGERALD CO.**

No. 3996.

District Court, D. Massachusetts.

May 14, 1936.

Hardy, Hall & Iddings and Arthur P. Hardy, all of Boston, Mass., Mock & Blum, of New York City, and Arthur D. Thomson and Thomson & Thomson, all of Boston, Mass., for plaintiff.

Aaron Kobrin, of Lynn, Mass., and Ezekiel Wolf, of Boston, Mass., for defendant.

BREWSTER, District Judge.

In this suit the defendant is charged with infringing design patent No. 87,016, issued May 24, 1932, to plaintiff. The defense is noninfringement.

The patent covers the ornamental design of a complete shoe, or sandal, substantially as shown in the drawings. According to this design, the quarter or rear portion is composed of a continuous piece of material extending around the quarter in a manner common to the ordinary shoe, and terminating in straps which are laced together at the front of the wearer's ankle. The forepart, or vamp, of the sandal is a series of straps, arranged so that they may be laced at the top by the same cord that laces the quarter. Plaintiff has sold shoes embodying the patented design in substantial quantities throughout the United States.

Defendant's sandal differs from plaintiff's in that it does not have the front strap shown in the patent drawing, and what is of more importance it has no quarter such as is described above. Instead, the defendant's sandal is held on the wearer's foot by means of straps adapted to extend around the ankle. Except for the laced straps on the toe or vamp of the shoe, there is no similarity in design between the two shoes. The difference in general appearance is, in my opinion, sufficiently marked to enable the ordinary observer to distinguish between them without difficulty and without incurring any risk of being deceived respecting the identity of the shoes.

The test of infringement of design patents has been recently applied in this circuit in Illinois Watch Case Co. v. Hingeco Manufacturing Co. (C.C.A.) 81 F.(2d) 41, 45, where the court said:

"The test of infringement of a design is whether the two designs have substantially the same effect on the eye of the or-

dinary observer giving such attention to the matter as purchasers usually give."

See, also, Smith v. Whitman Saddle Co., 148 U.S. 674, 13 S.Ct. 768, 37 L.Ed. 606; Zidell v. Dexter (C.C.A.) 262 F. 145; Eloesser-Heynemann Co. v. Kuh Bros. (C.C.A.) 297 F. 831; Applied Arts Corporation v. Grand Rapids Metalcraft Corporation (C.C.A.) 67 F.(2d) 428.

■ In the present case, the claim reads: "The ornamental design for a sandal substantially as shown." Under such circumstances it has been held that the design patent covers the entire design pictured and that the patentee cannot pick out one portion of the patented design and claim that that portion is really the design patented, and hence infringed. Whiting Mfg. Co. v. Alvin Silver Co. (C.C.A.) 283 F. 75; Ashley v. Tatum Co. (C.C.A.) 186 F. 339; Edison Electric Appliance Co. v. Fitzgerald Mfg. Co. (C.C.A.) 32 F.(2d) 705.

In the Whiting Mfg. Co. Case, it is said (at page 80 of 283 F.):

"A patentable design 'creates a new impression upon the eye'; * * * but that impression must be derived from the thing patented, and not by an observer selecting a part of the thing patented, and so highly approving thereof, that he finds the design in anything that contains the part he thus approves."

There is nothing in the case of Borgfeldt & Co. v. Weiss (C.C.A.) 265 F. 268, cited by the plaintiff, which is contrary to the general principles stated above. In that case the plaintiff had a patent for a doll, dressed in a bathing suit and bathing cap, sitting in an unusual posture. The defendant's doll was of the same proportions, was sitting in the same posture, and was similarly dressed, except that it did not have a bathing cap. The court held that the two dolls were so much alike that the ordinary purchaser would be deceived, distinguishing the case from Ashley v. Tatum Co., supra, on this ground.

■ Applying these principles to the present case, it would seem that the fact that the vamps of the two sandals are alike would not constitute infringement where the quarters are entirely different, and the design patent of the plaintiff covers the whole shoe. It is inconceivable that the ordinary woman shopper, whose discernment is notorious and was taken into consideration by the Circuit Court of Appeals in Illinois Watch Case Co. v. Hingeco Manufacturing Co., supra, would confuse a sandal equipped with a conventional quarter with one having only a few straps across the back of the ankle.

A decree may be entered dismissing plaintiff's bill.