PARKWAY FURNITURE MFG. CO.
v.
DAV–O–NITER CORPORATION.
Civ. A. No. 53–851.

United States District Court
D. Massachusetts.

June 1, 1955.

Ezekiel Wolf, Boston, Mass., for plaintiff.

Arthur D. Thomson, Thomson & Thomson, Boston, Mass., David C. Ganak, Boston, Mass., of counsel, for defendant.

ALDRICH, District Judge.

This is an action for infringement of Design Patent No. 170,088, known as the Hoffman patent. Hoffman, plain-tiff's predecessor in title, sometime in 1952 completed the design of a combination (convertible) love seat and sofa. The love seat arms were adjustable and could be let down to extend horizontally to make the sofa. The back, which rested upon the seat, and was shorter than the extended sofa, was removable so as to make the whole surface of the sofa a studio couch.

Hoffman's application was filed July 15, 1952, and the patent issued July 28, 1953. The design was illustrated in four positions, or figures; figures 1 and 2 being the love-seat and the sofa, respectively. Figures 3 and 4 showed intermediate adjustments. Except for some slightly detracting square ends which concealed the hinges for the arms, both figures are of an attractive design, and with the partial exception of Eisendrath design patent No. 166954, of some originality.

The Eisendrath application was filed February 23, 1952. Plaintiff and Hoffman testified that his design was completed and the first sample built in January, 1952, prior to a furniture show that took place in February, and that they ordered hinges on January 28th. I see no reason to disbelieve this testimony. Accordingly I hold that in considering invention Eisendrath is not to be regarded as anticipation.

It does not follow that plaintiff's patent is to be sustained. While in the case of a design patent, perhaps more than in the case of a mechanical patent, the fact that the design is a combination of various individual elements taken from the prior art is not fatal, or, indeed, in some instances, even a serious obstacle, Columbia Protektosite Co. v. Great American Plastics Co., D.C.D.Mass., 112 F.Supp. 39, still this is a question of degree. I am shown in the prior art much if not most of all of the elements contained in the plaintiff's patent, and, which is of much significance, McCord Corp. v. Beacon Auto Radiator Co., 1 Cir., 193 F.2d 985, in uses not distantly removed.

4. 91 U.S.App.D.C. at page 191, 198 F.2d at pages 970–971.

According to a disinterested furniture manufacturer put on by the plaintiff, whom I entitled it to cross-examine when it appeared that his testimony was not developing as had been expected, much of plaintiff's design existed before in other lines of furniture, and perhaps the most that could be said for it was relative newness as applied to this particular line. Reviewing the exhibits introduced by the parties, and applying a bare residuum of what I think would be appropriate to consider judicial experience, within the limitations laid down by such cases as Brown v. Piper, 91 U.S. 37, 23 L.Ed. 200, and Petition of Duarte, Mass., 122 N.E.2d 890, as to "sleek" "light" and "modern" lines, I conclude that what Hoffman produced was ordinary development in the field, lacking the necessary spark of genius or inventiveness.

I reach this decision in spite of the presumption of validity arising from the issuance of the patent. In all fairness I do not attach much weight to that presumption, having in mind that the same patent office subsequently issued a patent to defendant in spite of notice of the Hoffman patent, although defendant's design seems entirely lacking in novelty once the plaintiff's is established as prior art. Cf. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 156, 71 S.Ct. 127, 95 L.Ed. 162.

In case I have erred on the matter of validity, I turn to the question of infringement. I do not adopt defendant's argument that, in order to infringe, its article must simulate all of the forms and positions of plaintiff's. Defendant's article is fixed in shape, for one use, while plaintiff's has several shapes for several entirely separate uses. If defendant infringes the design of one of those, I hold that is enough. I do not think this is the same thing as infringing only part of the features of a single design, as in Golo Slipper Co. v. Glass & Fitzgerald Co., D.C.D.Mass., 14 F.Supp. 786.

In my opinion there is an infringement. On a very close examination the following differences appear: 1) The front surface of defendant's back rest is a little less square; 2) defendant has somewhat fewer seams and tufts; 3) defendant does not have the disfiguring bottom squares necessitated by plaintiff's hinges; 4) defendant's legs are on a slightly different angle. If the two articles were not side by side, however, I doubt if many experienced shoppers would notice even item 3. As against this the entire silhouette is the same, as is the back, the up-sloping ends (with, or without the square hinges), the low, and at the same time, floating effect, the slanting legs well inset, the seams and tufts running straight up the front, across the top and up the back, and the general over-all "sleek" look—all are closely reproduced. Compared with the similarities in appearance, the differences are negligible.

An interesting question arose as to whether the defendant in its advertising by inference admitted that its article could be mistaken for plaintiff's, which was much higher priced. Defendant supplied its retailers advertising copy and mats stating, inter alia, "$59.50. Usually $99.50. Save $40." Defendant's article did not ever, let alone usually, sell for $99.50—in fact defendant admitted that $59.50 was the top price, except at certain stores charging expensive terms for credit. Plaintiff says that "Usually $99.50" referred, accordingly, to its article, and that "Save $40" meant by buying defendant's instead of plaintiff's. The difficulty with this argument is that I cannot find that plaintiff's article usually sold for as much as $99.50. The top advertised retail price shown in evidence was $94, and it was usually somewhat less. Therefore while I find that defendant engaged in misrepresentation, cf. Kabatchnick v. Hanover-Elm Bldg. Corp., 328 Mass. 341, 103 N.E.2d 692, 30 A.L.R.2d 918, I do not feel warranted in finding that it was in relation to the plaintiff. However, as already stated, I find infringement apart from this evidence.

The complaint will be dismissed.