**Corinne McGRADY, Plaintiff,**

**v.**

**ASPENGLAS CORPORATION et al., Defendants.**

**No. 78 Civ. 3231–KTD.**

United States District Court, S. D. New York.

Feb. 5, 1980.

Curto, Meservey, Armstrong & Waller, Huntington, N. Y., Feldman & Feldman, P. C., New York City, for plaintiff; Stephen E. Feldman, Marvin Feldman, New York City, of counsel.

Davis, Hoxie, Faithfull & Hapgood, New York City, for defendants; Alan D. Gilliland, John B. Pegram, Stephen D. Kahn, New York City, of counsel.

## OPINION

KEVIN THOMAS DUFFY, District Judge:

Plaintiff, Corinne McGrady, is the designer and owner of U.S. Design Patent No. 220,911 [hereinafter the "911 Patent"] on a

transparent book stand. The stand, more fully described below, is specifically designed to accommodate cookbooks. It is made with a clear plastic so that an open cook book is visible and yet completely protected from kitchen splatters. Plaintiff instituted the instant infringement actions, which have been consolidated before me, against the Bloomingdale and Abraham & Straus divisions of Federated Department Stores. Aspenglas Corporation, manufacturer of the alleged infringing book stand, has intervened. The defendants move, pursuant to Fed.R.Civ.P. 56(b), for summary judgment on the issue of noninfringement. For reasons which follow, defendants' motion is hereby granted.

Defendants advance two arguments in support of their motion for summary judgment. First, they allege that defendants' product differs substantially from the design covered by the 911 Patent and, consequently, is not infringing. Second, it is argued that plaintiff is barred by the doctrine of file wrapper estoppel from asserting her claim against defendants. Before discussing the substance of these claims, a more detailed discussion of the undisputed facts is necessary.

Plaintiff filed her initial patent application on January 15, 1970. This application included three drawings representing her design viewed from different angles, see Appendix A, and the claim "[t]he ornamental design for a Transparent Book Stand substantially as shown." The application was rejected several times by the Patent Office. In each instance, plaintiff was referred to the prior art and told that she had not produced a patentably new design appearance. In its final rejection, the Patent Office suggested that the prior art could be avoided "if a proper characteristic feature clause were added to the specification" and went on to make suggestions as to the details of an acceptable clause. Plaintiff adopted these suggestions by adding the following descriptive clause to her application:

The design is characterized by the fact that it is bent to define three rectangular panels having substantially the same dimensions, the front and intermediate panels lying in parallel relation and being adapted to protect an open book inserted therebetween, the rear panel forming an inverted V with the intermediate panel to support the book at an inclined viewing position, all as shown.

I claim:

The ornamental design for a transparent book stand, substantially as shown and described.

Shortly thereafter, on June 15, 1971, the 911 Patent was granted.

It is undisputed that plaintiff's cook book stand is made up of three panels, each with substantially the same dimensions. Defendants, on the other hand, manufacture and market two different cook book stands each of which has a large front panel and substantially smaller intermediate and rear panels of approximately equal dimensions. See Appendix B.

Before reaching the merits of this motion, I note that the question of patent validity has not been raised by the parties herein. Accordingly, I will not reach that issue and will proceed directly to the question of infringement.

*File Wrapper Estoppel*

Under the doctrine of file wrapper estoppel, when a patent applicant amends his claim in order to meet objections of the Patent Office over prior art, he abandons claim to any portion of the original application which was narrowed by his required amendment. *Cohn v. Coleco Industries, Inc.*, 558 F.2d 53, 58 (2d Cir. 1977).

In this particular case, plaintiff was informed by the Patent Office that she could successfully avoid the prior art by adding a description "direct[ing] emphasis to the appearance produced by the three rectangular sides of substantially the same dimensions

. . . ." Defendants' Exhibit 4 at 37. By adding the descriptive clause as suggested, plaintiff placed the necessary emphasis on the dominant feature of her design; to wit: three panels of substantially similar dimension. Plaintiff cannot now claim infringement of her design patent by a product which lacks this dominant feature.

Plaintiff offers two arguments against the application of file wrapper estoppel in the instant case. First, she argues that this doctrine should not be applied to design patents. In support of her argument, plaintiff merely asserts that no design patent case has been cited in which the doctrine was applied. This first argument must be summarily rejected.

That the question of file wrapper estoppel is uncommon in design patent cases is no reason to reject its use in an appropriate case. In the section of the United States Code concerning design patents, Congress was careful to point out that "[t]he provisions of this title relating to patents for invention shall apply to patents for designs, except as otherwise provided." 35 U.S.C. § 171. Similarly, judicial doctrines concerning inventions developed under the patent and copyright laws should be applied to design patents where appropriate.

In any event, plaintiff's protestations notwithstanding there is at least one design patent cases which applies the file wrapper estoppel doctrine. *Stimulant Products, Inc. v. Vibrex Corp.*, 161 U.S.P.Q. 513 (C.D.Cal. 1969).

Plaintiff's second challenge to the application of estoppel in the instant case, is to the effect that a written specification clause in a design patent serves merely to give a "better understanding to the invention" and does not limit the claim. Rather, she argues, based on *Ashley v. Tatum*, 186 F. 339 (2d Cir. 1911) and *Ashley v. Weeks-Numan and Co.*, 220 F. 899 (2d Cir. 1915),

that the addition of a dominant feature clause *broadens* patent protection.

In the first *Ashley* case, plaintiff's glass inkstand design patent was held not to be infringed by defendant's similar inkstand with additional ornamentation. Important to the Court's ruling was the fact that plaintiff's patent contained no description. Absent such description pointing out which dominant features were to be protected, the Court felt constrained to limit protection to the exact details of the patent drawing. 186 F. at 342–43.

The second *Ashley* case, on the other hand, involved a design patent which did contain a descriptive clause. This led the Court to conclude that

> The patentee having a patent with written specifications relating to an entirely new form of inkstand, he is entitled, not only to the exact design shown in his drawing of the patent, but also to the protection of the court against the making and marketing of inkstands which contain the dominant features of the design described in the specification.

220 F. at 903.

Neither of these cases supports the conclusion urged by plaintiff. Certainly they do not stand for the proposition that every descriptive clause in a design patent necessarily broadens its scope. Rather, resort must be made to the specific descriptive language used. Here, the language clearly indicates the dominant feature to be three panels of substantially equal dimensions. This language, when viewed in connection with the history of plaintiff's patent application, shows that the descriptive clause serves to narrow the scope of patent protection.

As is apparent from the above discussion, the law as applied to the undisputed material facts disclosed by plaintiff's file wrapper [1] lead to the inescapable conclusion that

---

1. In her Memorandum in Opposition, plaintiff argues that the issue of estoppel creates a factual question. Yet, she points to no factual allegation made by defendant on this issue which she disputes. Despite plaintiff's contention, it is clear that whether or not plaintiff is estopped under the file wrapper doctrine is a question of law which may be properly disposed of in a motion for summary judgment.

plaintiff is estopped from making the instant infringement claim against defendants. Accordingly, defendants' summary judgment motion must be granted.[2]

Based upon the foregoing, defendants' motion for summary judgment is granted. Settle judgment on ten days' notice.

So Ordered.

Appendix to follow.

---

2. Although I need not reach defendants' additional argument in support of summary judgment, it should be pointed out that it, too, has merit. It is clear that the "dominant feature" added to Corinne McGrady's claim so as to satisfy the Patent Office and permit the granting of her patent is conspicuously absent from defendants' product. As will be seen from the brief discussion below, this difference among the products leads to the conclusion that, estoppel or not, defendants' product is not infringing.

In 1871, the United States Supreme Court outlined its test for patent infringement in *Gorham Company v. White*, 81 U.S. 511, 20 L.Ed. 731 (1871). There, the Court stated that a patented product is infringed by another

 if, in the eye of the ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.

*Id.* at 528. This test continues to be settled law. *See Horwitt v. Longines Wittnauer Watch Co., Inc.*, 388 F.Supp. 1257 (S.D.N.Y. 1975); *G. B. Lewis Co. v. Gould Products, Inc.*, 297 F.Supp. 690 (E.D.N.Y.1968), *aff'd* 436 F.2d 1176 (2d Cir. 1971).

Placing myself in the position of an ordinary observer, I must conclude that the products in question differ sufficiently so as to avoid consumer deception. The front panel on both of defendants' models is more than twice the height of the rear two panels. This variation in the height of the panels creates quite a different look than that created by plaintiff's design which has panels of equal height. Given this difference, it is unlikely that a consumer would purchase one product thinking it to be the other.

**863**

APPENDIX A.

# United States Patent Office

Des. 220,911
Patented June 15, 1971

220,911.

## TRANSPARENT BOOK STAND

Corinne McGrady, 95 Eaton Neck Road,
Northport, N.Y. 11768

Filed Jan. 15, 1970, Ser. No. 20,945

Term of patent 14 years

Int. Cl. D6—99

U.S. Cl. 33—3

Fig. 1.

Fig. 2.

Fig. 3.

FIG. 1 is a front perspective view of my design for a transparent book stand, an open book held therein being shown in broken lines;

FIG. 2 is a rear perspective view of the book stand; and

FIG. 3 is a side view of the book stand.

The design is characterized by the fact that it is bent to define three rectangular panels having substantially the same dimensions, the front and intermediate panels lying in parallel relation and being adapted to protect an open book inserted therebetween, the rear panel forming an inverted V with the intermediate panel to support the book at an inclined viewing position, all as shown.

I claim:

The ornamental design for a transparent book stand, substantially as shown and described.

References Cited

UNITED STATES PATENTS

D. 137,047 11/1943 Halpern.
D. 186,672 11/1959 Gilruth ............ D33 2
1,942,456 1/1934 Stark.

OTHER REFERENCES

Darling Display Catalog No. 180, copyright 1946, p.
52, plastic easel, item No. 1126.

BRUCE W. DUNKINS, Primary Examiner

EXHIBIT
1

864

Photograph of:

Defendants' Exhibit 2 (left)

Defendants' Exhibit 3 (right)

EXHIBIT
2
Defendants

EXHIBIT
3
Defendants