Affirmed.

William S. McDowell, of Columbus and Albert Grobstein, of Washington, D. C., for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

In the application here involved appellant seeks patent for a design for "Floor Base Molding or Similar Article." The appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the rejection of the single claim by the examiner in view of prior art, the references cited below being two patents, viz: Gardner, 308,312, Nov. 18, 1884; Wilson, 2,030,730, Feb. 11, 1936.

We here reproduce Fig. 1 of appellant's drawing, Fig. 1 of the Gardner patent, and Fig. 3 of the Wilson patent.

The claim involved reads: "The ornamental design for a Floor Base Molding or similar article, as shown." The draw-

Fig. 1 of Application.

Fig. 1 of Gardner Patent.

Fig. 3 of Wilson Patent.

ing of the application, it will be observed, has no numerals or other indicia of structural features, but shows what is stated to be a one-piece article concave in configuration having ridges on its convex side. When placed in permanent position the ridges are concealed.

The molding of the Gardner patent is primarily for covering the angle formed by the junction of wall and ceiling. It consists of two strips A and A' connected by a web, B. The part marked a' is a bead so arranged that hooks may be attached from which pictures and the like may be hung.

The molding strip of the Wilson patent is of metal material in one piece. It seems to have been designed primarily for use on the edges of furniture, such as tables and the like.

Specifically, the Board of Appeals held: "It is our view that the claim is not patentable. To make the molding strip in Fig. 3 of Wilson curved in cross section would not involve invention in view of Gardner. Likewise it would be obvious to change the curved molding strip of Gardner so as to make the edge portions conform to the shape of the edge portions of Wilson. The changes made in the reference are deemed to be obvious and involve nothing of patentable merit."

It is well settled, of course, that in the consideration of patentability respecting a design the matter of its appearance, when viewed as a whole, is largely controlling (Gorham Mfg. Company v. White, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731), but the mere fact that a particular design differs in some respects from prior art structures is not, of itself, sufficient to justify a holding that invention is involved in the production of the design.

In our decision in the case of In re Eppinger, 94 F.2d 401, 402, 25 C.C.P.A., Patents, 843, after reciting that the rule had long been settled that references might be combined for the purpose of showing lack of invention in applications for design patent, we said:

"It is equally well-settled law that one is not entitled to a patent for a design merely because the applicant has produced something which differs in appearance from anything previously produced. * * *

"We think appellant in his contentions here disregards the necessity for the exercise of the inventive faculties in producing a patentable design. Carried to their logical conclusion, appellant's contentions are to the effect that one must be regarded as a design inventor if he produces a design which has a pleasing effect and which differs in appearance from any prior production, irrespective of any other consideration. The design patent law grants a limited monopoly to a design inventor. * * * The purpose of the enactment, obviously, was to stimulate the exercise of the inventive faculty in the improvement of the appearance of articles of manufacture."

From the drawings above reproduced it is easy to compare the appearance of the molding of appellant with the appearance of the prior art moldings cited as references and note what modifications appellant made of such prior art.

We feel constrained to agree with the tribunals of the Patent Office that no inventive concept was shown in modifying the structures of the references so as to disclose a molding having the appearance of the molding at issue.

The decision of the board is, therefore, affirmed.

Affirmed.

LENROOT, Associate Judge, dissents.