30 C.C.P.A.(Patents)

## In re WAHL.

### Patent Appeal No. 4654.

### Court of Customs and Patent Appeals.

### Dec. 1, 1942.

———◆———

Harold T. Stowell, of Washington, D. C. (Ralph E. Parker, of Washington, D. C., and Hutz & Joslin, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Claims 12 to 18, inclusive, of appellant's application for a patent relating to dyes containing nigrosines or indulines were rejected by the Primary Examiner of the United States Patent Office, and on appeal to the Board of Appeals, the examiner's action was affirmed. Appellant then filed with the board a petition for reconsideration together with requested amend-ments which specified definite proportions of the materials used. In its second decision the board, upon the oral statement of the examiner that the process claims, 12, 13, and 14, thus amended, would be patentable, recommended the allowance of these claims. It concluded, however, that the product claims, 15, 16, 17, and 18, even if amended, would still be unpatentable over the prior art. From the decision of the board, applicant has appealed to this court.

Dyes containing nigrosines and indulines, according to appellant's application, have an objectionable odor. Appellant corrects this objectionable feature of such dyes by the addition thereto of carboxylic acids, such as citric, tartaric, cinnamic, and benzoic acids, or their derivatives or substitution products. He suggests that the weight of the acid may be from two to five per cent of that of the dyestuff.

The claims were rejected upon the prior art. The three references cited are:

Conrad, 328,465, October 20, 1885
Homolka, 418,916, January 7, 1890
Dreher, 630,199, August 1, 1899.

The Primary Examiner further rejected the claims upon other grounds which will be referred to hereinafter.

Conrad discloses the addition of tartaric acids or tartrates, or laevulinic acid to dyes containing induline. His patent re-lates to "fixing coloring-matters upon textile fibers." No mention is made of re-moving objectionable odors. He uses a much larger percentage of acid than that used by appellant, but he states that his process permits of varying the amount to suit the circumstances.

The Homolka patent relates to "im-provements in coloring-matter of the in-duline series." Homolka teaches the use of acetic or other organic acids, such as tartaric, citric, and laevulic acids. The amount of acid is not specified.

Dreher states that his invention relates to "improvements in processes of prepar-ing solutions of basic artificial coloring-matters for dyeing and printing purposes." He uses a large quantity of lactic acid or certain of its derivatives.

Claim 15 is illustrative and reads as fol-lows:

"15. A compound selected from the group consisting of per se malodorous nigrosines and indulines having incor-porated therewith water-soluble substances

selected from the group consisting of carboxylic acids, carboxylic acid amides, carboxylic acid esters and their sulfo amino and hydroxy substitution products in a quantity not substantially greater than that required to deodorize said compound."

From the claims and the application it is observed that the appellant treats the same kind of dyes with the same kind of materials as do the patentees.

Claim 15 calls for treating the dyes by incorporating "water-soluble substances selected from the group consisting of carboxylic acids, etc."

Claim 16 is narrower in scope and calls for the use of carboxylic acid in a quantity "not substantially greater than that required to deodorize said compound."

Claim 17 calls for the use of tartaric acid in a quantity "not substantially greater than that required to deodorize said nigrosine."

Claim 18 mentions cinnamic acid in a quantity "not substantially greater than that required to deodorize said induline."

■ The examiner and the board were of the opinion that the appealed claims were not patentable over the prior art, which suggested the use of the same materials in the same kind of process. It seems obvious to us, as it must have appeared to the Patent Office tribunals, that in each of the processes of the references cited the bad odor was eliminated from the dyes treated. The mere fact that the patentees had purposes in mind other than deodorization and used more of the materials than appellant uses does not operate to prevent the references from being complete anticipations of appellant's alleged invention. If the patentees eliminated odor and accomplished other purposes by the use of a greater quantity of the same materials than appellant uses, it surely would not amount to invention to use a smaller quantity where only deodorization was desired.

■ Two of appellant's reasons of appeal are directed to the action of the board in affirming the examiner's rejection of the claims at bar on the grounds that they are functional and merely call for a purer product than existed heretofore. The board made no reference to these grounds of rejection, but under In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991, the board's decision is equivalent to an affirmance of the action of the examiner on all

the grounds. However, in view of our conclusion that the claims are fully anticipated by the art cited, we find no necessity of discussing these grounds of rejection.

The decision of the Board of Appeals is affirmed.

Affirmed.