**TALGE v. SEARS ROEBUCK & CO.**
**No. 937.**

District Court, W. D. Missouri, W. D.

Jan. 7, 1943.

Thomas E. Scofield, of Kansas City, Mo., for plaintiff.

Arthur C. Brown, Jr. and Claude A. Fishburn, both of Kansas City, Mo., Harry W. Lindsey, Jr. and Raymond E. Fidler (of Davis, Lindsey, Smith & Shonts), both of Chicago, Ill., and Frank H. Marks (of Lederer, Livingston, Kahn & Adsit), of Chicago, Ill., for defendant.

724

REEVES, District Judge.

This is a suit for an alleged patent infringement and unfair competition. The plaintiff owns two design patents. Such patents cover designs for a device known as a fruit juice extractor. The defendant challenges the validity of the patents and asserts that even if valid, the plaintiff is not entitled to recover because of his laches in the peculiar circumstances of the case. The averments of invalidity are that such designs have been heretofore covered by prior patents and that the prior state of the art precluded the issuance of valid patents.

Heretofore, as contended by the plaintiff, the fruit juicer device was so constructed as to expose its angular and functional mechanical parts, that is to say, the compression members, the base, the handle, and other parts, stood out in such way as to detract from a pleasing appearance of the device. The plaintiff, according to the evidence, sought to improve the appearance of the device by designing or causing to be designed for him a device with a streamlined appearance and by reason thereof a device pleasing to the eye. In pursuance of this purpose the plaintiff employed designers who were expert in improving the appearances of devices of this character. After the designs had been prepared the plaintiff caused applications for design patents to be made, and in each instance a patent was granted; the one was known as the Hand Patent, issued June 22, 1937, the other was known as the Majewski Patent, issued July 20, 1937. The latter more nearly and clearly fulfills the objective of the plaintiff in seeking a device streamlined in appearance, although the Hand Patent approached the design so nearly as to enable the procurement of a patented design. The device thus developed was manufactured by the plaintiff and for a considerable period was sold by the defendant, during which time the patent right was recognized.

Subsequently the defendant evinced a desire and a purpose to put on sale a device under its own name, but carrying the design of the plaintiff. No agreement could be reached between the parties and the defendant caused another manufacturer to prepare for it a device designated as "Bestmade" deluxe fruit juicer. It is the contention of the plaintiff that such fruit juicer is an infringement upon his patented designs. Moreover, the plaintiff asserts that in addition to the infringement the defendant has been guilty of "palming off" on the public its "Bestmade" deluxe fruit juicer as that of the plaintiff.

1. Section 73, Title 35 U.S.C.A., relating to the subject of "Design Patents" provides that: "Any person who has invented any new, original, and ornamental design for an article of manufacture, not known or used by others in this country before his invention thereof, and not patented or described in any printed publication in this or any foreign country before his invention thereof, or more than one year prior to his application, and not in public use or on sale in this country for more than one year prior to his application * * * may, upon payment of the fees required by law and other due proceedings had, the same as in cases of inventions or discoveries covered by section 31 of this title, obtain a patent therefor."

■ ■ The fact that the patents were granted carries the presumption of validity. The burden, therefore, is strongly upon the one who challenges or attacks the validity of a patent to establish such invalidity. International Flatstub Check Book Co. v. Young & Selden Co., 4 Cir., 284 F. 831; Westinghouse Co. v. Toledo R. Co., 6 Cir., 172 F. 371; Elliott & Co. v. Youngstown Car Mfg. Co., 3 Cir., 181 F. 345.

■ Moreover, the grant of the patents constitutes prima facie evidence that the patentees were the first inventors of the devices described in the letters patent. Western Auto Supply Co. v. American National Company, 6 Cir., 114 F.2d 711.

2. The plaintiff's device, the design of which is alleged to have been infringed, was known to the trade as a Juice-o-Mat. The accused device was called by defendant the "De Luxe Bestmade."

A critical analysis of the two designs discloses a difference in detail. The base of the accused device does not blend or merge into the upright part as fully as in the case of plaintiff's device. Neither does the lower part of the upright and supporting member screen the base and cup receptacle as completely as in plaintiff's device. Moreover, the lower compression member is not covered and obscured as in the patented device. While these differences in detail are easily discernible when the two devices or designs are side by side, yet such detailed differences are not as readily perceived when observed separately.

The only question of infringement is whether the general appearance of the patented design or designs is imitated in the accused device to the point of deception where ordinary purchasers are or may be deceived. The rule in such cases was aptly stated by the Supreme Court of the United States in the rather early case of Gorham Mfg. Company v. White, 81 U.S. 511, 14 Wall. 511, local citations 525 to 528, 20 L. Ed. 731, inclusive. In discussing the subject of design patents, the court said, (14 Wall. loc. cit. 525, 526, 20 L.Ed. 731):

"The law manifestly contemplates that giving certain new and original appearances to a manufactured article may enhance its salable value, may enlarge the demand for it, and may be a meritorious service to the public. It therefore proposes to secure for a limited time to the ingenious producer of those appearances the advantages flowing from them. Manifestly the mode in which those appearances are produced has very little, if anything, to do with giving increased salableness to the article. *It is the appearance itself which attracts attention and calls out favor or dislike. It is the appearance itself, therefore, no matter by what agency caused, that constitutes mainly, if not entirely, the contribution to the public which the law deems worthy of recompense.* * * *

"We do not say that in determining whether two designs are substantially the same, differences in the lines, the configuration, or the modes by which the aspects they exhibit are not to be considered; but we think the controlling consideration is the resultant effect. * * * *"

The court in that well considered and now almost, if not actually, landmark case referred to and quoted from an English decision where the court "held the important inquiry was whether there was any difference in the effect of the designs, not whether there were differences in the details of ornament. 'If,' said he, 'the designs are used in exactly the same manner, and have the same effect, or nearly the same effect, then, of course, the shifting, or turning round of a star, as in this particular case, cannot be allowed to protect the defendants from the consequences of the piracy.'" 14 Wall. loc. cit. 526, 20 L.Ed. 731.

■ In reversing the case, the trial court was criticized for applying a greater test than that of the ordinary observer, and, 14 Wall. at page 528, 20 L.Ed. 731, the court concluded as follows: "We hold, therefore, that if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."

■ This case has been consistently followed, one of the latest cases being In re Bonnell, 29 C.C.Pa., Patents, 1104, 129 F. 2d 520. The case was also followed in S. Dresner & Son, Inc., v. Doppelt, et al., 7 Cir., 120 F.2d 50, loc. cit. 51, where the court, in upholding the doctrine of the Gorham Company case said: "It is similarity in the peculiar or distinctive appearance which constitutes infringement rather than identity in the details producing such appearance."

■ While, as stated, an inspection of the two designs and a comparison thereof will disclose differences, yet the general appearances of the two devices are so similar that the ordinary person would be easily and quickly deceived. It would follow, therefore, that there is an infringement, unless, as contended by the defendants, the patents are invalid for the sundry reasons urged by it in its answer and in its briefs.

3. The evidence showed that the development of the design required much study, research and experimentation. Two expert designers were called upon to develop a "streamlined" fruit juicer before a satisfactory design was perfected and accepted. That the design was pleasing to the eye is not only readily discernible, but the public quickly accepted it and made extensive use thereof by purchasing the device as thus improved. The defendant used the design as manufactured by the plaintiff. Later the defendant caused the design to be imitated, not in detail, but in general appearance, in its own product.

Various patents are urged as prior to and antedating those of the plaintiff, and it is contended by defendant that they cover the various elements of the plaintiff's designs. An inspection of the drawings does not support this contention. Some parts of prior patents bear a striking resemblance to some parts of plaintiff's designs. Particularly is this true with respect to the upper compression member. But not one of these give the general appearance shown in plaintiff's designs. Attention was called by the defendant to the circumstance

726

that there is but slight difference in appearance between the Hand patent and the Majewski patent. There is more than a slight difference. The Hand patent flares or expands at the base and is not streamlined, although it covers and obscures the mechanical parts; the Majewski patent not only covers the mechanical parts but presents a streamlined appearance.

4. The defendant did not support its averment of acquiescence in the use by the defendant of the streamlined device. It is true that the defendant made known to the plaintiff its wishes with respect to the sale by it of its own manufactured product and there was a failure to agree that the plaintiff should manufacture such device for the defendant. Plaintiff did not acquiesce in the use of his patent designs nor did it appear that the defendant indicated a disposition to use his designs. Moreover, the circumstance that the defendant omitted certain details in its design is convincing that there was a studied effort to avoid a charge of infringement and at the same time secure the benefit of plaintiff's designs.

5. The issue of unfair competition should be found against the plaintiff. There was no substantial testimony that the defendant was in the habit of offering its device as that of the plaintiff. Those who made purchases were not deceived. In some instances the purchasers encouraged the suggestion of the salesmen that the device was in truth and in fact plaintiff's design. In each instance the seller was probably sincere in statements made. Previously plaintiff's design had been sold in the same department. The change from plaintiff's design to that of the defendant was not accomplished in such way as fully to acquaint the clerical force with the facts. The proof is not satisfactory that in a single instance the salesman or saleslady was insincere in the several transactions complained about. Not a single sale was made by reason of the defendant's deceptive representations. In not a single instance was the purchaser deceived. In the absence of intention to deceive and an actual deception there can be no unfair competition.

In the case of Krem-Ko Co. v. R. G. Miller & Sons, 68 F.2d 872, 874, the Second Circuit Court of Appeals announced approved and applicable doctrine, as follows: "The gist of an action for unfair competition is fraud, and this is a question of fact to be proved. * * * It was shown that in a few instances when a representative of the plaintiff called for Krim-Ko at places where chocolate drinks were sold to the public he was given the defendant's drinks in the Krim-Ko bottle with the name ground off. But whatever significance should be given to such evidence, these isolated instances are not to be charged to the defendant unless it appears that the public was deceived, and deceived by the means for such deceit with which the defendant provided these sellers."

The plaintiff is entitled to injunctive relief against the further sale of the device carrying the design of plaintiff's patents.

An appropriate decree will be prepared and submitted by counsel for the plaintiff.