46 CCPA

**Application of Don L. RUBINFIELD.**
**Patent Appeal No. 6397.**

United States Court of Customs
and Patent Appeals.

May 22, 1959.

Rehearing Denied Oct. 6, 1959.

**392**

Bruce B. Krost and Woodling & Krost, Cleveland, Ohio, for appellant.

Clarence W. Moore, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Louis Robertson, Chicago, Ill., amicus curiae.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN and JOHNSON (retired), Judges.

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection of the three claims of appellant's application for a patent on a design for a floor waxer. The appealed claims are as follows:

"1. The ornamental design for a Floor Waxer substantially as shown in Figures 1 to 4, inclusive.

"2. The ornamental design for a Floor Waxer substantially as shown in Figures 5 to 8, inclusive.

"3. The ornamental design for a Floor Waxer having the common appearance substantially as shown in Figures 1 to 8, inclusive."

Appellant's application discloses designs of two floor waxers of generally similar but specifically different appearance, one being shown in Figures 1 to 4 and the other in Figures 5 to 8.

No references have been cited and there is no issue as to whether appellant's designs involve patentable invention.

The exact ground on which the claims were rejected is somewhat obscure. In his final rejection, the examiner made the following statement:

"It is again noted that the application contains three claims which is not permissible in a design application. See Rule 153 of the Rules of Practice, 35 U.S.C.Appendix.

"The claims are therefore again and Finally rejected on the ground that a multiplicity of designs is claimed."

In the examiner's answer to the appeal to the board, it is said that:

"The examiner in the case has finally rejected the claims since the application does not comply with the statute as now interpreted, in that it includes more than a single claim and is directed to more than a single article. * * *

"The final rejection on the ground that a multiplicity of designs is claimed is deemed proper and in order."

The board in its opinion stated the ground of rejection as being "that a multiplicity of designs are claimed" and limited its discussion to the *disclosure* of two embodiments of the design, no express statement being made that plural *claiming* was bad per se. However, since the examiner raised the issue of multiple claiming as well as multiple *disclosure*, and since the board entered a general affirmance of the examiner's decision, the former issue is before this court as well as the latter. In re Wagenhorst, 64 F.2d 780, 20 CC PA 991; In re Wahl, 132 F.2d 323, 30 CCPA 719. It is noted that appellant's eighth reason of appeal here is that "The Board of Appeals erred in holding in effect that a design application could not include more than one claim."

In rejecting the claims as being based on a multiplicity of designs, the Patent Office tribunals did not rely in any way on the extent or nature of the differences between the two embodiments shown in appellant's application, but based their rejection on the proposition that two different embodiments can never properly be illustrated in a design application.

In support of that proposition it is urged that since 35 U.S.C. § 171 provides for a patent on a design for "an article of manufacture," rather than a plurality of such articles, and since the total substance of a design rests in its appearance as a whole, a single patent cannot be based upon a showing of two or more different designs for an article, no matter how similar they may be.

 It is not apparent that 35 U.S. C. § 171, relating to design inventions, is any more limited to a single article or form of article, than is 35 U.S.C. § 101, relating to inventions of other kinds. The former refers to "any new, original and ornamental design for an article of manufacture" and the latter to "any new and useful process, machine, manufacture, or composition of matter." Neither of the quoted expressions includes any plural term, and yet a plurality of specifically different processes, machines, manufactures, and compositions of matter, so long as they are embodiments of a single invention, are commonly described and claimed in a single patent. Since the language of 35 U.S.C. § 101 does not preclude that practice, we see no reason why the similar language of 35 U.S.C. § 171 should, per se, preclude the showing of two or more embodiments of a design invention.

In connection with its statement that the total substance of a design rests in its appearance, the board said the practice was firmly established that "design inventions cover 'an article of manufacture' in the sense presented by its appearance or physical shape rather than in the sense that the invention is a theme of decoration or a mental creation of the inventor that is only presented in the patent by way of an illustrative embodiment." If the quoted statement means that a design invention can exist only in some one specific physical embodiment, we are unable to agree with it.

 It is well settled that a design patent may be infringed by articles which are specifically different from that shown in the patent, Gorham Mfg. Co. v. White, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731; Borgfeldt & Co. v. Weiss, 2 Cir., 265 F. 268, and it has been repeatedly held that a patent will be refused on an application claiming a design which is not patentably different from, or involves the same inventive concept as, a design claimed in a patent granted to the same inventor, even on a copending application. In re Bigelow, 194 F.2d 550, 39 CCPA 835; In re Russell, 239 F.2d 387, 44 CCPA 716, and cases there cited. It seems evident, therefore, that the inventive concept of a design is not limited to the exact article which happens to be selected for illustration in an application or patent.

While the exact issue under consideration here has not previously been before this court, In re Schnell, 46 F.2d 203, 209, 18 CCPA 812, contains the following language clearly indicating the opinion that the disclosure of more than one specific embodiment of a design invention in a single application may be proper:

"* * * Furthermore we know of no statutory or other reason why he [a design applicant] may not be permitted to submit drawings of more than one article if his design applies to more than one article and if it seems necessary and essential to use more than one drawing in order that he may teach the manner of applying the same to different articles. * * *

"* * * If he is entitled to certain protection under the enforcement provision, why is he not entitled by some appropriate words, in the claim and drawing, to disclose all that he is entitled to, in order that others may be warned of the probable scope of applicant's invention? See Grant v. Raymond, 6 Pet. 218, 8 L.Ed. 376. As was said in Ashley v. Samuel C. Tatum Co., supra, 2 Cir., [186 F. 339] 'the absence of such a description in the case at bar has a necessary bearing upon the construction of the patent and consequently on the question of infringement.' "

It seems anomalous to hold that two specifically different articles may represent a single inventive concept so far as double patenting or infringement is concerned, and yet may not be disclosed in a single application.

■ It appears that the instant rejection, so far as it is based on the fact that the application discloses more than one embodiment of appellant's design, raises a question of form rather than of substance. The designs of Figures 1 to 4 and 5 to 8 differ primarily in that the latter includes certain braces not present in the former. Apparently appellant could have presented a single set of drawings showing the braces in dotted lines, as "immaterial" parts, and seemingly no objection would have been made by the Patent Office, although the substance of the disclosure would have been substantially what it is now. See Sec. 1503.01 M.P.E.P.

It is argued in the brief for the Commissioner that the rejection of the appealed claims was in accordance with the long standing practice of the Patent Office and, therefore, should not be set aside. So far as the limitation of the disclosure to one specific embodiment is concerned, no such settled practice has been shown. With regard to a contention by the Solicitor of the Patent Office in the Schnell case that the uniform practice of the Patent Office had, for many years, required "that design patents must be for a single article of manufacture" this court said:

"* * * We may dispose of this contention of the solicitor, at this point, by saying that, in view of rulings in certain cases hereinafter referred to, no such uniform practice in the Patent Office in this respect is shown to have prevailed for a very long period of time. * * *"

Later in the opinion cases were cited to support the quoted statement. No Patent Office decisions of a date subsequent to that in the Schnell case have been cited here, and, accordingly, there is no more evidence as to any long standing practice now than there was then.

It is true that the Patent Office has, on some occasions, held that only one species of a design invention may be disclosed in an application. In one such case, Ex parte Kahn, 1905 C.D. 212, 116 O.G. 2008, the Commissioner quoted, with approval, the following statement from Feder v. Poyet, 1899 C.D. 218, 89 O.G. 1343:

"* * * If an inventor has a generic design capable of modification—that is, a design made up of a small number of simple elements to which other elements may be added without modification of the essential elements—he should, in order to secure protection for the generic design, show the design in his application in its simplest form. He must show the genus stripped of additions. * * *"

The quoted language seems to us to be unrealistic since it requires the inventor to decide, at his peril, which features of his design are "essential," and to limit his application to them, instead of showing the actual design in its final form.

It is also to be noted that the difference between embodiments of a design invention may take the form of modification of the shape of one or more elements rather than an addition of elements. In such a case it cannot properly be said that one embodiment is generic and another specific.

Another theory on which the Patent Office has refused to allow the disclosure of more than one embodiment of a design invention is set forth in the following quotation from the decision of the Commissioner in Ex parte Hill & Renner, 1898 C.D. 38, 82 O.G. 1988:

"If an applicant be of the opinion that two or more shapes are one and the same design, he should show only one such shape in his application, leaving the courts to determine whether the other shapes are the same design as that shown in his patent and whether they infringe such shape or design. (Ex parte Petzold, C.D., 1891, 97; 55 O.G.,

1652; and ex parte Hess and Hess, C.D., 1891, 142; 56 O.G., 1334.) If the different shapes are different designs, different patents should be obtained to cover them."

■ As above indicated, when similar designs or embodiments are presented by an inventor in separate applications, the Patent Office does not leave the determination as to whether they are distinct inventions to the courts, but, if it finds only one inventive concept to be involved, allows a patent on one application and rejects the others on the ground of double patenting. It is not apparent, therefore, why that office should refuse to undertake a similar determination when different embodiments are presented in a single application. No doubt, as was said by the Commissioner in Ex parte Lunken, 1896 C.D. 22, 76 O.G. 785, "it would be convenient for the office to dispose of the question summarily by requiring but one invariable form to be shown and patented" but as was further, and we think correctly, pointed out by the Commissioner in that case, such convenience cannot take precedence over the rights of applicants.

For the reasons given, we are of the opinion that it cannot be stated as an invariable rule that a design application cannot disclose more than one embodiment of the design. Whether such disclosure is improper must depend upon the particular circumstances of the individual case involved, and a blanket rejection on the ground of "multiplicity," without considering such circumstances, is not proper. On this particular point we are unable to agree with the board.

It remains to be determined whether, regardless of disclosure, the rejection can be sustained on the ground that a single claim only is permissible in a design application.

■ Patent Office Rule 153, relating to design cases, provides that "More than one claim is not permitted." As was pointed out in United States ex rel. Steinmetz v. Allen, Commissioner of Patents, 104 O.G. 853, 1903 C.D. 578, 22

App.D.C. 56, the rules of the Patent Office have the force and effect of law unless they are inconsistent with statutory provisions. In that case, the court said:

"If there be no such inconsistency with the express provisions of the statute the rules are valid and have the force and effect of law in all matters to which they relate. They are certainly not to be declared invalid upon any consideration of doubtful construction, but only for such conflict or inconsistency with the statute law upon the subject as shall be made plainly to appear. * * * *"

We are unable to find any clear conflict between Rule 153 and the applicable statutes. Title 35, section 171 of the United States Code provides that "The provisions of this title relating to patents for inventions shall apply to patents for designs, except as otherwise provided." While 35 U.S.C. § 112 states that "The specification shall conclude with one or more claims," that provision does not necessarily mean that every applicant shall, as a matter of right, be entitled to present a plurality of claims regardless of the nature of the invention involved. Similarly, 35 U.S.C. § 121, on which appellant relies heavily, contains no express provision that every applicant is entitled to more than one claim, but sets forth the practice which the Commissioner may follow when claims to two or more independent and distinct inventions are presented.

■ It has been consistently held for many years that it is the appearance of a design as a whole which is controlling in determining questions of patentability and infringement. Gorham Mfg. Company v. White, 14 Wall. 511, 81 U.S. 511, 20 L.Ed. 731; In re Schraubstadter, 26 App.D.C. 331, 1906 C.D. 541; In re Bonnell, 129 F.2d 520, 29 CCPA 1104; In re Campbell, 212 F.2d 606, 41 CCPA 896, and In re Russell, 239 F.2d 387, 44 CCPA 716. Under such circumstances, as was pointed out by the Commissioner in ex parte Wiessner, 1898 C.D. 236, 85 O.G. 937, no useful purpose could be served by

**396**

the inclusion of more than one claim in a design application or patent.

Since the Wiessner decision, it appears to have been the uniform practice of the Patent Office to allow only one claim in a design patent. See Symons, The Law of Patents for Designs, (1914) page 88; Walker on Patents, Deller's Edition (1937) page 414. That practice was, in effect, approved by this court in In re Eppinger, 94 F.2d 401, 402, 25 CCPA 843, where the court said:

> " * * * In passing it may be proper to say that appellant's specification and form of claims is quite unusual. It seems to us that the suggestion of the Examiner that appellant was entitled to but one claim, in substantially the form as was suggested, was proper. Ex parte Hopkins, Jr., 1923 C.D. 105. See Rules of Practice in the United States Patent Office Nos. 81, 82, and 84; also form of design application prescribed by the rules."

The fact that it may be permissible, in a proper case, to illustrate more than one embodiment of a design invention does not require or justify more than one claim. Such embodiments can be presented only if they involve a single inventive concept; and such a concept can be protected by a single claim. A single claim to "The ornamental design for a floor waxer substantially as shown" would afford exactly the same degree of protection to appellant in the instant case as would the three claims involved in this appeal.

A so-called generic claim, such as claim 3 of the instant application, covering the "common appearance" of two modifications, is apparently directed to some broad concept which is not illustrated. Such a claim is indefinite and has no proper place in a design application. An applicant for a design patent cannot properly illustrate two designs on the theory that they represent embodiments of a single invention and, at the same time, claim them separately as representing different inventive concepts.

We find no sound reason for disturbing the long-standing practice of the Patent Office, embodied in Rule 153, which limits design applications to a single claim.

The decision of the Board of Appeals must, therefore, be affirmed insofar as it is predicated on the ground that plural claims cannot be allowed.

Affirmed.

JOHNSON, J., retired (recalled to participate), concurs in result.